**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             No. CV-04-1273 JP/LAM
                                                 CR-02-1714 JP

MIKE GREEN,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's "Motion for Herbst v. Cook, 260 F3d 1039 (9th Cir 2001)" (CV Doc. 14; CR Doc. 139) filed May 3, 2005. The motion is captioned for filing in the Court of Appeals for the Tenth Circuit. The Court construes the motion as seeking relief from judgment under Fed. R. Civ. P. 60(b) or, alternatively, as having been inadvertently filed in this Court. The motion will be denied on the merits or, alternatively, stricken as inadvertently filed.

      By order entered December 17, 2004, this Court dismissed Defendant's original motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Defendant appealed from the dismissal, and the appeal remains pending. He then filed a document entitled "Re-Submition [sic] of 2255 motion due to Recently discovered exculpatory evidence," which the Court construed as a motion to reopen his § 2255 proceeding and analyzed under the standards for a motion under Fed. R. Civ. P. 60(b). The Rule 60(b) motion contained a claim that was not raised in Defendant's original § 2255 motion and was thus transferred to the Court of Appeals for the Tenth Circuit as a second or successive § 2255 motion. On June 29, 2005, the Court of Appeals for the Tenth Circuit denied Defendant authorization to file another § 2255 motion. Defendant now asserts that this Court erred by dismissing his original § 2255 motion without prior notice.

No relief is available on the instant motion. First, "a successive Rule 60(b) motion . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is quite clear that that [sic] the district court's order denying [a] second Rule 60(b) motion as repetitive was not an abuse of discretion." *Therm-O-Disc, Inc. v. Maatuk*, No. 03-1385, 2003 WL 21949423, at \*\*2 (Fed. Cir. Aug. 1, 2003). "A party should not be allowed to force a District Court to consider for a third time arguments previously made." *Jetero Const. Co., Inc. v. South Memphis Lumber Co., Inc.*, 531 F.2d 1348, 1352 (6th Cir. 1976) (vacating an amended judgment based on a second Rule 59 motion). "[Defendant] is . . . asserting a new position as a purported basis for 'reconsideration.' That kind of afterthought, or shifting of ground, is also not one of the circumstances in which a motion for reconsideration is appropriate." *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983). Defendant is not entitled to relief under Fed. R. Civ. P. 60(b).

Furthermore, even if the Court were to consider the merits of Defendant's argument under *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), no relief would be available. The Ninth Circuit's decision in *Herbst* requires that a defendant be given an opportunity to respond before dismissal of a § 2255 motion on procedural grounds. 260 F.3d at 1043. This rule is consistent with Tenth Circuit law. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at \*\*1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised sua sponte in § 2254 proceeding and petitioner allowed to respond); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255

proceeding). By contrast, applicable law does not require an opportunity to object before the Court dismisses a § 2255 motion on the merits. *See* 28 U.S.C. § 2255 R. 4 (providing for summary dismissal); *United States v. Silva*, No. 04-2312, 2005 WL 1649232, slip copy at -- (10th Cir July 14, 2005) (denying certificate of appealability from summary dismissal of § 2255 motion); *United States v. Oliver*, 865 F.2d 600, 604 (4th Cir.), *cert. denied*, 493 U.S. 830 (1989). Defendant's motion will be denied.

Alternatively, it appears that Defendant may have intended to file his Rule 60(b) motion in the Court of Appeals for the Tenth Circuit. As such, the motion will be stricken from this Court's records as inadvertently filed.

IT IS THEREFORE ORDERED that Defendant's "Motion for Herbst v. Cook, 260 F3d 1039 (9th Cir 2001)" (CV Doc. 14; CR Doc. 139) filed May 3, 2005, construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b), is DENIED; alternatively, the motion is construed as having been inadvertently filed in this Court and is hereby STRICKEN from the record.

_____
SENIOR UNITED STATES DISTRICT JUDGE